IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

v.                                                                No. 21-cv-0820 WJ-JFR

CORE CIVIC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court following Plaintiff Donald Thomas Sharp's refusal to comply with the *in forma pauperis* statute. Sharp is incarcerated and proceeding *pro se*. On August 24, 2021, he filed a Civil Complaint accusing Core Civic of treason and racketeering after prison officials refused to make copies. *See* Doc. 1. This is one of at least 41 cases filed by Sharp in the past six months. *See Sharp v. New Mexico,* 2021 WL 4820736, at *3 (D.N.M. Oct. 15, 2021) (listing each filing). The instant Complaint was ostensibly filed by four *pro se* Plaintiffs: Sharp, Manuel Ulibarri, Eusebio Devargas, and Patrick Martinez. Those individuals were all detained at the Cibola County Correctional Institution (CCCI). After submitting the Complaint, Donald Sharp filed a Motion to Discharge Fees (Doc. 2) along with a Motion to Enter Evidence (Doc. 3). The Court therefore discerns that Sharp is prosecuting this action.

    By an Order entered December 2, 2021, the Court warned each CCCI signatory that it would limit its review to the claims filed by Sharp. *See* Doc. 4 (Cure Order). *Pro se* plaintiffs cannot prosecute a lawsuit on behalf of other individuals, nor can they assert class claims. As the Tenth Circuit explained, "the competence of a layman is clearly too limited to allow him [or her]

to risk the rights of others." *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *Amaro v. Att'y Gen. for New Mexico*, 781 Fed. App'x 693, 695 (10th Cir. 2019) (affirming dismissal of Amaro's class action habeas claims). The Cure Order warned that Ulibarri, Devargas, and Martinez must file their own cases if they seek relief.

The Cure Order also fixed a deadline of January 1, 2022 for Sharp to submit a six-month inmate account statement to support his Motion to Discharge Fees and Costs (Doc. 2). Such statement is required by 28 U.S.C. § 1915(a)(2) in every civil case where a prisoner declines to prepay the $402 civil filing fee. The Court uses the statement to assess the initial partial filing fee. Section "1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action,'" and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued." *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) (emphasis added).

Sharp did not submit the required financial statement. Instead, he filed an objection arguing:

1. The Court has not produced a "delegation of authority."

2. All Bar members, including judges, hold titles of British nobility, which preclude them from holding office in the United States.

3. Judges are corrupt for a variety of reasons.

4. It is against public policy to pay debts, including the civil filing fee, and "debt slavery" is illegal.

5. Sharp established a "discharge account" with the U.S. Treasury and believes the Court

2

should "discharge the fees and costs to" a bank account in Chicago.

6. The filing fee is not due because of conspiracies involving the Pentagon, current and past presidents, and Osama Bin Laden.

Doc. 5. Sharp also filed a "Writ of Mandamus," which raises many of the same arguments. *See* Doc. 6. He asks this Court to transfer all pending cases to the Pentagon or the U.S. Military.

Sharp's tactics are often used by sovereign citizens and do not excuse him from complying with the *in forma pauperis* statute. *See, e.g., See, e.g., Westfall v. Davis,* 2018 WL 2422058, at *3 (N.D. Tex. May 4, 2018) (dismissing complaint where plaintiff, a sovereign citizen, claimed "all lawyers and judges are British nobility"); *In re Hardee*, 2021 WL 1186477, at *2 n. 2 (Bankr. N.D. Ga. Mar. 26, 2021) (describing the sovereign citizen ideology that the "U.S. Government [is] ultimately responsible for satisfaction of … [citizens'] debts"); *Leiter v. Nickrenz,* 2016 WL 7191614, at *2 (D. Minn. Dec. 12, 2016) (noting sovereign citizen theory that the "the Treasury Department[ ] was responsible for [litigant's] debt").

Courts may dismiss a civil case where, as here, the plaintiff refuses to provide the required financial statement under § 1915. *See, e.g., Salazar v. Arapahoe Cty. Det. Facility,* 787 Fed. App'x 542, 543 (10th Cir. 2019) (affirming dismissal order where "none of [plaintiff's] letters addressed the inmate account statement or explained his failure to comply with the ordered deadline"); *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 Fed. App'x 538, 540-41 (10th Cir. 2008) ("district court did not abuse its discretion by dismissing [Plaintiff's] action without prejudice based upon his failure to comply with … order to submit his … six-month account statement"); *Gonzales v. Bernalillo Cty. Dist. Ct.*, 640 Fed. App'x 759, 762 (10th Cir. 2016) (same).

Based on this authority and Sharp's refusal to comply with § 1915 in this (or any) case, the Court will deny his Motion to Discharge Fees and Costs (Doc. 2). The Court will also dismiss the instant Civil Complaint (Doc. 1) pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders." *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). Sharp's remaining Motions to Enter Evidence (Doc. 3) and for Writ of Mandamus (Doc. 6) will be denied as moot. Finally, the Court will strike the Motion to Enter Evidence (Doc. 7) filed by Eusebio Devargas.

**IT IS ORDERED** that Plaintiff Donald Thomas Sharp's Motion to Discharge All Fees and Costs (**Doc. 2**); Motion to Enter Evidence (**Doc. 3**); and Motion for a Writ of Mandamus (**Doc. 6**) are **DENIED**.

**IT IS FURTHER ORDERED** that the Court **STRIKES** Eusebio Devargas' Motion to Enter Evidence (**Doc. 7**).

**IT IS FINALLY ORDERED** Plaintiff Donald Thomas Sharp's Civil Complaint filed August 24, 2021 (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE